26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert E. MAURY, Plaintiff-Appellant,
v.
Tam BUI, Dr., Staff Physician, Defendant-Appellee.
 No. 93-17309.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 7, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Robert Edward Maury appeals pro se the district court's summary judgment for Dr. Tam Bui in Maury's 42 U.S.C. Sec. 1983 action alleging deliberate indifference to his serious medical needs based on Dr. Bui's treatment of Maury's stomach pain. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 We review the district court's grant of summary judgment de novo. Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993). Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Botefur v. City of Eagle Point, 7 F.3d 152, 154 (9th Cir.1993).
 
 
 4
 To show a violation of the Eighth Amendment, a prisoner must establish acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). To determine deliberate indifference, the court must focus on the seriousness of the prisoner's medical needs and the nature of the defendant's response to those needs. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical treatment are not sufficient to establish a deliberate indifference claim under section 1983. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 5
 Here, the record demonstrates that Dr. Bui and other prison medical personnel were treating Maury for his chronic stomach problems. Maury claims that during the course of this treatment, however, prison physicians substituted medications and that the new medication does not relieve his pain as effectively as the old one. Dr. Bui states that the substitution was made because the prison pharmacy stopped carrying the old medication and that the new medication is equally as effective in treating stomach conditions such as Maury's. Because Maury's claim amounts to nothing more than a difference in judgment over the course of his medical treatment, he has failed to establish a deliberate indifference claim under section 1983. See id. Accordingly, the district court did not err by granting summary judgment for Dr. Bui.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dr. Bui contends that Maury's appeal is untimely and should be dismissed by this court for lack of jurisdiction. The district court's final order was filed on November 12, 1993. Maury mistakenly sent his notice of appeal directly to the court of appeals and it was stamped received by the clerk on December 9, 1993. The notice of appeal is deemed filed in the district court on that date and is therefore timely. See Fed.R.App.P. 4(a)(1)
 
 
 [2]
 Maury also contends that the district court erred by denying his discovery motion. Because it is clear that further discovery would not elicit evidence that would raise a genuine issue of material fact, denial of the discovery motion was proper. See Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988). Finally, Maury's request to add James Gomez as a defendant is denied