34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elizabeth Diane DOWNS, Plaintiff-Appellant,
v.
Eldon VAIL, Superintendent, WCCW; Charlotte Blackwell,
Superintendent, EMCF; Robert Schieldler,
Superintendent, OWCC, Defendants-Appellees.
 No. 93-35984.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 9, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elizabeth Diane Downs, an Oregon state prisoner, appeals pro se the district court's order denying her motion for summary judgment and granting defendants' motion to dismiss for failure to state a claim upon which relief may be granted. Downs sued Washington State prison officials under 42 U.S.C. Sec. 1983 for violating Downs' constitutional rights during her placement in the prison's intensive management unit. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990) and affirm.
 
 
 3
 Review of the district court's dismissal of an action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is limited to the contents of the complaint. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 In a previous appeal, we affirmed the district court's dismissal of defendants Blackwell and Schiedler for lack of personal jurisdiction, but vacated the dismissal of Downs' claims against Vail and remanded for service of process. Downs v. Vail, No. 92-35467, unpublished memorandum decision (9th Cir. Dec. 2, 1992). On remand, Downs filed a Third Amended Complaint which alleged that prison officials put Downs in the intensive management unit (a segregation unit) at the Washington Corrections Center for Women solely because she had been classified as a maximum custody prisoner by Oregon prison officials because of a prior escape from the Oregon state prison. Downs alleged that her confinement in segregation constituted cruel and unusual punishment, and made her suicidal. Downs further alleged that her Fifth Amendment rights were violated when a prison counselor attempted to force her to confess to murder. Downs sought damages and an injunction to remove her from segregation.
 
 
 5
 The district court denied Downs' motion for summary judgment and granted defendants' motion to dismiss, concluding that Downs could not show that defendants had violated any constitutionally protected right. Downs timely appeals.
 
 
 6
 Downs contends that the Washington Administrative Code creates a liberty interest protecting her from placement in segregation. This contention lacks merit.
 
 
 7
 The Due Process Clause does not create a liberty interest in remaining in a particular prison or a particular custody level. See Hewitt v. Helms, 459 U.S. 460, 468 (1983). State law, however, may create a protected liberty interest in remaining in the general population if it places substantive limits on official discretion. Id. at 470-72. This court, however, recently held that the Washington Code does not create "a liberty interest that requires that [a prisoner] remain in the general prison population." Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993).
 
 
 8
 Downs contends that her claims are not limited by Smith because while prison officials placed Smith in segregation because of a disciplinary violation, Downs was placed in segregation solely because of her custody level. Smith clearly indicates, however, that placement in segregation does not require a disciplinary infraction, but is based on the "judgement of the superintendent" and institutional needs. Id. Here, the superintendent placed Downs in the intensive management unit because it provided the maximum custody required by Downs' escape history. Because this was a matter within his discretion, and because Downs does not have a state-created liberty interest in remaining in the general population, the district court correctly denied Downs' motion for summary judgment and granted defendants' motion to dismiss on this issue. See id.
 
 
 9
 Downs also alleged that her placement in segregation constituted cruel and unusual punishment. This contention lacks merit.
 
 
 10
 To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve the "wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Generally, a prison's "obligation under the [E]ighth [A]mendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982) (quotations omitted). "The Eighth Amendment standards for conditions in isolation, segregation, and protective custody cells are no different from standards applying to the general population." Id. at 1258. Prisoners challenging the conditions of their confinement under the Eighth Amendment also must show "deliberate indifference" by the responsible officials. Wilson v. Seiter, 501 U.S. 294, 303 (1991).
 
 
 11
 To the extent that Downs alleged that she received inadequate mental health treatment when she became suicidal in segregation, Downs has failed to show how prison officials were deliberately indifferent to her needs. Downs stated that in response to her condition, prison officials placed her on suicide watch and arranged regular mental health treatment with prison medical staff. Although Downs' allegations indicate that Downs disagreed with the mental health treatment she received, a difference of opinion over proper medical treatment does not constitute deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 12
 Downs' allegations are insufficient to indicate any deliberate indifference by responsible officials, see Wilson, 501 U.S. at 303, and Downs does not allege that any superintendent personally participated in or directed the conduct giving rise to Downs' claim, see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (section 1983 liability arises only upon showing of personal participation). While the conditions in segregation undoubtedly were restrictive, such conditions do not violate the Eighth Amendment. See Rhodes, 452 U.S. at 347 (to the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society). Accordingly, the district court properly dismissed Downs' action for failure to state a claim upon which relief may be granted.[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In her notice of appeal, Downs indicated that she also was appealing the district court's dismissal of her claim that her Fifth Amendment rights were violated because a prison psychologist attempted to coerce Downs to admit she was guilty of murder. On appeal, Downs has not raised any issues directly challenging that decision. Nevertheless, we have reviewed her motion and conclude that the district court correctly determined that Downs' Fifth Amendment rights were not violated. See Pens v. Bail, 902 F.2d 1464, 1465 (9th Cir.1990) (Fifth Amendment privilege only applies if a prisoner's confession during treatment could be used in sentencing)