42 F.3d 1402
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel SONG, Plaintiff-Appellant,
v.
Bob MILLER, et al., Defendants-Appellees.
 No. 93-16790.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 18, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel Song, a Nevada state prisoner, appeals pro se the district court's grant of summary judgment and default judgment in favor of numerous state prison officials and the district court's denial of his discovery motion in his 42 U.S.C. Sec. 1983 action. Song contends that (1) the district court improperly granted summary judgment in favor of prison officials on his due process violation claim on the grounds of qualified immunity; (2) the district court erred in granting default judgment on prison officials' counterclaim for money owed by him to the Nevada Department of Prisons; (3) the district court abused its discretion by staying his discovery motion prior to summary judgment; and (4) the district court failed to consider certain claims he had raised in his 42 U.S.C. Sec. 1983 complaint. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 Summary Judgment
 
 3
 Song contends that the district court incorrectly granted summary judgment in favor of prison officials because (1) his liberty interest was violated by the prison officials' failure to obey the Nevada Department of Prisons' Code of Penal Discipline in his disciplinary proceeding, and (2) there is insufficient evidence to support the disciplinary board's decision. The district court dismissed Song's claim on the grounds of qualified immunity. We agree with the district court's decision.
 
 
 4
 We review a district court's grant of summary judgment de novo. Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993). Summary judgment is appropriate if there is no genuine issue of material facts and the moving party should prevail as a matter of law. See Fed.R.Civ.P. 56(c).
 
 
 5
 Prison officials are entitled to qualified immunity in a Sec. 1983 action if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In deciding whether officials are entitled to qualified immunity, we must determine (1) whether the right was clearly established at the time of the alleged violation, and (2) whether, in light of that law, a reasonable official could have believed his conduct to be lawful. Mendoza v. Block, 27 F.3d 1357, 1360 (9th Cir.1994).
 
 A. Liberty Interest
 
 6
 The Fourteenth Amendment protects liberty interests arising from the Due Process Clause or created by state law. See Conner v. Sakai, 15 F.3d 1463, 1466 (9th Cir.1993) (citing Hewitt v. Helms, 459 U.S. 460, 466 (1983)), cert denied in part, 115 S.Ct. 305 (1994). A state law creates a liberty interest by "establishing substantive predicates to govern official decisionmaking and using explicit mandatory language." Walker v. Sumner, 14 F.3d 1415, 1419 (9th Cir.1994) (quotations omitted) (previous version of Nevada Department of Prisons' Code of Penal Discipline held to create liberty interest protected by the Due Process Clause). It is well established law that once a liberty interest is created, due process requires that a prisoner in a disciplinary proceeding be afforded an advanced written notice of the claimed violation, a written statement of the evidence relied upon by the prison officials and reasons for the disciplinary action, and the right to call witnesses and present documentary evidence. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Thus, when a state fails to follow its own procedures yet still provides sufficient process under Wolff, due process is not violated. Walker, 14 F.3d at 1419-20; see also Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir.1989) (prison's failure to meet its own guidelines requiring a hearing to be held within a certain period of time would not alone constitute denial of due process).
 
 
 7
 Song contends that the prison failed to follow the Nevada Department of Prisons' Code of Penal Discipline in his disciplinary proceeding. However, even if we assume that the Code of Penal Discipline creates a liberty interest, the prison's failure does not constitute due process violation. See Walker, 14 F.3d at 1420; Bostic, 884 F.2d at 1270. As required by Wolff, the prison provided Song with an advanced notice of charge, detailing the incident and reasons for the disciplinary action, and allowed him to call witnesses at the disciplinary hearing. See Wolff, 418 U.S. at 563-67. Since Song's disciplinary proceeding did not violate due process in light of clearly established legal principles, the prison officials did not violate due process in conducting the disciplinary proceeding and therefore were entitled to qualified immunity. See Mendoza, 27 F.3d at 1362-63.
 
 B. Insufficiency of Evidence
 
 8
 The Supreme Court has clearly established that the requirements of due process are satisfied as long as "some evidence" supports the decision by a prison disciplinary board. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985) (evidence received in form of prison official's testimony and written report sufficient to meet the requirements imposed by the Due Process Clause). In evaluating whether "some evidence" exists, the inquiry focuses on "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 456.
 
 
 9
 Here, the disciplinary board's decision was based upon the written report and testimony of a prison official that Song disobeyed orders and used abusive language. Thus, the disciplinary decision was supported by "some evidence" and therefore satisfied the due process requirements. See Hill, 472 U.S. at 456. Accordingly, prison officials did not violate due process in disciplining Song under the clearly established law. See Mendoza, 27 F.3d at 1362-63.
 
 
 10
 Therefore, the district court correctly granted summary judgment in favor of prison officials on the grounds of qualified immunity. See Smith, 992 F.2d at 989.
 
 Default Judgment
 
 11
 Song contends that the district court improperly granted default judgment in favor of prison officials on their counterclaim without a hearing. This contention lacks merit.
 
 
 12
 We review for abuse of discretion the district court's entry of a judgment by default. See Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991). "[D]efault judgments are ordinarily disfavored." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir.1986). However, a judgment by default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to ... defend." Fed.R.Civ.P. 55(a). Further, entry of a default judgment for money is appropriate without a hearing if "the amount claimed is a liquidated sum or capable of mathematical calculation." Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir.1981) (no hearing necessary when documents show that the judgment amount is based upon a definite figure); see also Fed.R.Civ.P. 55(b)(2) (the district court has the discretion to conduct or refuse a hearing on default judgment).
 
 
 13
 The district court granted default judgment on the prison officials' counterclaim for money owed by Song to the Nevada Department of Prisons. In his reply to the prison officials' counterclaim, Song contested the prison's policy concerning maintenance of inmates' funds but not his liability as alleged. Thus, the district court properly entered default judgment against Song. See Fed.R.Civ.P. 55(a). Further, a prison official's affidavit and the Nevada Department of Prisons' transactional record establish the definite amount owed by Song as of a particular date. Thus, the district court acted within its discretion in entering default judgment without a hearing. See Davis, 650 F.2d at 1161; see also Fed.R.Civ.P. 55(b)(2).
 
 Stay of Discovery
 
 14
 Song contends that the district court erred in denying him discovery prior to summary judgment. His contention lacks merit.
 
 
 15
 A district court's discovery ruling is reviewed for abuse of discretion. United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.), cert. denied, 113 S.Ct. 290 (1992).
 
 
 16
 Prison officials raised qualified immunity in their summary judgment motion. The district court stayed Song's discovery request pending the outcome of the prison officials' motion, but allowed Song to delineate information needed "to oppose the motion for summary judgment based on the good faith immunity doctrine." Song made broad requests of the Nevada Department of Prisons' grievance policy and training procedures and the past records of certain prison officials. The district court denied Song's requests. The denial was within the district court's discretion because Song's requests were irrelevant to the resolution of the qualified immunity issue. See Bourgeois, 964 F.2d at 937.
 
 Other Claims
 
 17
 Song contends that the district court disposed of his Sec. 1983 action without considering all the claims he had raised. In particular, he argues that the district court did not consider his contention concerning his disciplinary hearing and appeal. His contention is not supported by the record.
 
 
 18
 The district court analyzed each of Song's claims in his second amended complaint based upon qualified immunity and dismissed without prejudice certain conclusory allegations. In his third amended complaint, Song challenged his disciplinary hearing and appeal. The district court concluded that it had previously disposed of this challenge. The district court's conclusion is supported by the record.[1]
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Song's Motion to Strike and Motion to Impose Sanction, filed March 24, 1994, are denied