**Scott C. SMITH, Plaintiff–Appellant,**

v.

**Carol NOONAN; James Blodgett, Defendants–Appellees.**

No. 92–35343.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted * April 7, 1993.

Decided May 10, 1993.

orally and providing a transcript. *United States v. Wheeler*, 795 F.2d 839, 841 (9th Cir.1986). If the district court does not make written findings and the transcript of the bail hearing is unavailable, the motion is remanded to the district court with instructions that it provide a Rule 9(b) statement. *Id.*

* Smith was well represented on appeal by Ms. Michelle M. Evans, a law student from the University of Idaho College of Law. Ms. Evans was guided by Ms. Maureen E. Laflin, her supervising attorney.

Michelle M. Evans, Legal Aid Intern, Maureen E. Laflin, Supervising Atty., University of Idaho College of Law; Legal Aid, Moscow, ID, for plaintiff-appellant.

John Scott Blonien, Asst. Atty. Gen., Talis M. Abolins, Asst. Atty. Gen., Olympia, WA, for defendants-appellees.

Before: WRIGHT, THOMPSON and KLEINFELD, Circuit Judges.

EUGENE A. WRIGHT, Senior Circuit Judge:

Scott C. Smith, an inmate in the Washington State Penitentiary, appeals from a district court's dismissal of his 42 U.S.C. § 1983 civil rights action that alleged that he was denied due process when prison officials placed him in administrative segregation (ad-seg). The district court dismissed his action, holding that prison officials were entitled to qualified immunity. We AFFIRM on other grounds.

I

Prison officials placed Smith in ad-seg while investigating allegations that he threatened to assault an inmate and an officer. He filed an action against Hearing Officer Carol Noonan and Superintendent James Blodgett, alleging a violation of a liberty interest to remain in the general prison population and deprivation of due process rights.

Smith moved for summary judgment and the State filed a cross-motion. The court granted the State's motion, finding that Noonan and Blodgett were entitled to qualified

immunity. In its order, the court assumed that the Washington Administrative Code [WAC] created a liberty interest for prisoners to remain in the general population. It recognized, however, that district courts were divided on this issue. Because the court lacked a "clearly established decision regarding the parameters of prisoners' rights to be free from [ad-seg] under the [WAC]," it absolved Noonan and Blodgett of any possible violation and held that qualified immunity applied.

Although we affirm the dismissal of Smith's § 1983 action, we do so on other grounds. We hold that the WAC does not create a liberty interest in a prisoner remaining in the general prison population. Because Smith's due process rights were not violated, we need not address the other issues raised on appeal.

## II

We review de novo a grant of summary judgment. *Jones v. Union Pacific R.R. Co.,* 968 F.2d 937, 940 (9th Cir.1992). Questions of law also are subject to de novo review. *Toussaint v. McCarthy,* 801 F.2d 1080, 1087 (9th Cir.1986), *cert. denied,* 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987).

■ The threshold inquiry in this appeal is whether Smith has a liberty interest in remaining in the general prison population. *Id.* at 1089. Although a liberty interest may arise from the Due Process Clause or be created by state law, *id.,* the Constitution provides no liberty interest to be free from ad-seg. *Id.* at 1091. Only the state may create such an interest. *Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983); *Toussaint,* 801 F.2d at 1092.

■ Smith asserts a constitutional right that does not exist under the WAC. State law establishes a liberty interest if it places substantive limitations on the exercise of official discretion. *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983). The limitations must contain mandatory language requiring specific, substantive predicates. *See Hewitt,* 459 U.S. at 471, 103 S.Ct. at 871. (state statute

combining mandatory words such as "shall," "will," or "must" with substantive predicates creates protected liberty interest). In essence, "a given action will be taken or avoided only on the existence or nonexistence of specified substantive predicates." *Toussaint,* 801 F.2d at 1094.

■ The WAC provisions do not afford Smith a protected liberty interest from ad-seg. WAC 137–32–005 governs initial placement in ad-seg and provides that the superintendent "may" segregate an inmate if "in the judgement of the superintendent" the inmate's presence in the general population would constitute a serious threat to the staff, others or the inmate himself or interfere with the institution's operation. The word "may" is permissive, not mandatory, and the statute explicitly leaves application of its broad, inclusive criteria to "the judgment of the superintendent." *Roberts v. Spalding,* 783 F.2d 867, 871 (9th Cir.), *cert. denied,* 479 U.S. 930, 107 S.Ct. 399, 93 L.Ed.2d 352 (1986). WAC 137–32–005 makes the decision to segregate an inmate a discretionary one. *See Hewitt,* 459 U.S. at 471, 103 S.Ct. at 871.

■ WAC 137–32–010(1) provides that "[i]mmediately after an inmate's initial placement in segregation the hearing officer *will* inform the inmate in writing of the reason for the inmate's segregation and the date, time and place of the initial review meeting." (emphasis added). This provision is procedural, and we have held that "procedural requirements, even if mandatory, do not raise a constitutionally cognizable liberty interest." *Toussaint,* 801 F.2d at 1098.

WAC 137–32–035 governs an inmate's release from ad-seg. "The superintendent *may* release an inmate ... after determining, in the superintendent's judgment, the conditions ... no longer exist." (emphasis added). This language is also permissive.

We hold that the Code's permissive language and its nonparticularized standards do not create a liberty interest that requires that Smith remain in the general prison population. His constitutional rights were not violated. We deny his request for attorney's fees under 42 U.S.C. § 1988.

**AFFIRMED** with costs assessed against Appellant.