19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sabil M. MUJAHID, Plaintiff-Appellant,
v.
Shelley NOBRIGA, Classification Coordinator; Richard Mello,
Unit Manager; John Smythe, Administrator; Carol
Hashimoto, Classification Officer,
Defendants-Appellees.
 No. 93-16246.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 2, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hawaii state prisoner Sabil M. Mujahid appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. Sec. 1983 action claiming that prison officials violated his constitutional rights by failing to provide him with a timely six-month review of his security classification. This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the summary judgment de novo, Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir.1988), and we affirm.
 
 
 3
 "A liberty interest may arise from the due process clause or be created by state law." Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993). Although the Constitution provides no liberty interest in a prison reclassification hearing every six months, state law may establish a liberty interest "if it places substantive limitations on the exercise of official discretion," id., thereby triggering federally enforceable procedural rights, Dix v. County of Shasta, 963 F.2d 1296, 1299 (9th Cir.1992) (citing Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). State statutes that combine mandatory language, such as "shall" and "must," with substantive predicates create a protected liberty interest. Hewitt v. Helms, 459 U.S. 460, 471 (1983).[1] A provision that merely raises " 'procedural requirements, even if mandatory, do[es] not raise a constitutionally cognizable liberty interest.' " Smith, 992 F.2d at 989 (citing Toussaint v. McCarthy, 801 F.2d 1080, 1098 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987)).
 
 
 4
 Mujahid, who was classified at "maximum" custody, contends that Hawaii's prison regulations created a liberty interest in a timely reclassification hearing, and the prison officials' failure to provide him a hearing within six months of his prior classification hearing violated his procedural due process rights. Prison Policy Nos. 493.18.02(5.1) and 493.18.01(1.2)(b) provide that reclassification "shall" be conducted every six months. The regulations, however, do not contain substantive predicates or mandatory language requiring any specific outcome when a reclassification is conducted. See Hewitt, 459 U.S. at 471. For example, the policy states no set of circumstances or behavior which must be found before an inmate is eligible for maximum custody. The state prison policy on reclassification hearings raises procedural requirements that do not create a liberty interest, and, accordingly, Mujahid fails to establish a violation of his constitutional rights. See Smith, 992 F.2d at 989.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court described the two-part rule as follows:
 First, the law must contain "substantive predicates" governing an official's decision regarding a matter directly related to the individual ... Second, the state law must employ "explicitly mandatory language" specifying the outcome that must be reached upon a finding that the substantive predicates have been met.
 Dix, 963 F.2d at 1299 (citations omitted).