29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony BARONE, Plaintiff-Appellant,
v.
John MORAN, Sheriff; Michael Landino, Police Officer, et
al., Defendants-Appellees.
 No. 93-15153.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 16, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Barone appeals pro se the district court's summary judgment for Michael Landino and other officers of the Las Vegas Metropolitan Police Department in Barone's 42 U.S.C. Sec. 1983 action alleging that the officers violated his constitutional rights by searching his business, seizing the inventory, and wrongfully impounding property from a vehicle towed in conjunction with the arrest of his brother-in-law. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 On March 1, 1991, Officer Landino assisted in the execution of a search warrant and the seizure of certain property from a business called System II Computers ("System II"). Barone was arrested at that time pursuant to outstanding state warrants. On March 4, 1991, Barone's brother-in-law, Nicholas Sarnelli, at Barone's direction, drove a vehicle owned by Barone's father to System II, parked on the sidewalk in front of the building, and began removing computer equipment and other items from the location. While Sarnelli was removing equipment from System II, police officers arrived at the scene in response to a call received from a tenant in an adjoining office. In response to the officers' inquiries, Sarnelli told the officers that he knew that System II had been the subject of a search warrant several days earlier, and that he had the authority to remove the equipment as evidenced by his possession of a key to the building given to him by Barone's wife. Officer Landino, who also had arrived at the scene, called Darren Miller whom Landino knew from the prior search to be the sole owner of System II. Miller told Officer Landino that he had not given Sarnelli the authority to remove anything from System II. The officers arrested Sarnelli for illegally parking on the sidewalk, impounded the vehicle, inventoried the contents, and stored the contents in the police evidence vault.
 
 
 5
 Following his release from custody, Barone went to the police department to obtain release of the vehicle and its contents. The vehicle was released to Barone. The equipment within the vehicle was not released, however, because Barone could not provide proof of ownership. Officer Landino subsequently released the equipment to Miller who produced a business license for System II and sales receipts for the equipment.
 
 
 6
 Barone then filed the present action alleging that police officers violated his Fourth and Fourteenth Amendment rights by seizing and refusing to return his property. The district court granted summary judgment for all defendants. Barone timely appeals.
 
 II
 Merits
 
 7
 We review the district court's grant of summary judgment de novo. Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993). Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Botefur v. City of Eagle Point, 7 F.3d 152, 154 (9th Cir.1993).
 
 
 8
 Under Fed.R.Civ.P. 56(c), the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has carried its burden, the non-moving party must show that there exist genuine contested issues of material fact and that the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586.
 
 
 9
 The district court granted summary judgment for Officer Landino because Barone failed to demonstrate that (1) his Fourth Amendment rights had been violated during the search of System II and the vehicle and subsequent seizure of property, and (2) he had an ownership interest in the System II equipment that Landino seized from the impounded vehicle and released to Miller.[1] We find no error in the district court's conclusions.
 
 
 10
 As to Barone's Fourth Amendment claims, in his opposition to Landino's motion for summary judgment, Barone concedes that the search conducted on the System II premises was done pursuant to a valid search warrant. As to the inventory search of the impounded vehicle, the record demonstrates that the vehicle belonged to Barone's father. Because Barone neither owned the vehicle nor possessed a legitimate privacy interest in the vehicle, his Fourth Amendment claim as to property seized from the vehicle fails. See United States v. Wanless, 882 F.2d 1459, 1462 (9th Cir.1989) (generally, only owner of vehicle or person with legitimate privacy interest in vehicle may challenge an allegedly illegal search).
 
 
 11
 Barone's claim that Landino violated his right to due process by releasing the property seized from the vehicle to Miller also fails. In support of his claim that the property belonged to him, Barone submitted a sworn statement asserting ownership, and a building lease bearing Barone's name and signature. Despite Landino's requests for proof of ownership and Barone's repeated claims that such proof exists, Barone failed to submit any proof of actual ownership of the disputed property.[2]
 
 
 12
 The evidence Barone submitted below failed to raise a genuine issue as to the ownership of the vehicle or impounded property. See Anderson, 477 U.S. at 248-49. Accordingly, the district court did not err by granting summary judgment for Landino on Barone's claims.
 
 
 13
 Finally, appellees request an award of attorneys fees on appeal pursuant to 42 U.S.C. Sec. 1988. Section 1988 provides that attorneys' fees may be awarded to a prevailing party in an action brought under 42 U.S.C. Sec. 1983. "This court has said that fees may be awarded against an unsuccessful plaintiff under section 1988 only if the action is 'meritless, in the sense it is groundless or without foundation.' " Elks Nat'l Found. v. Weber, 942 F.2d 1480, 1485 (9th Cir.1991) (quoting Mitchell v. Los Angeles Comm. College Dist., 861 F.2d 198, 202 (9th Cir.1988), cert. denied, 490 U.S. 1081 (1989)), cert. denied, 112 S.Ct. 2995 (1992). Because we cannot conclude that Barone's action is meritless, we deny appellees' request for attorneys fees.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed Barone's claims against all defendants except Officer Landino because Barone failed to establish those defendants' personal involvement in the seizure of the equipment. Because Barone challenges on appeal the district court's summary judgment only as to Officer Landino we need not address the summary judgment as to the remaining defendants. See Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990) (issues not raised in opening brief on appeal are deemed waived)
 
 
 [2]
 Barone also contends that his due process rights were violated because he was prevented from removing property from his business due to the placement of allegedly unauthorized "evidence seals" placed on the property. Barone's deposition testimony reveals, however, that the presence of any such seals did not prevent him from entering System II and directing Sarnelli to enter and remove property from the building