67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark S. NELSON, Plaintiff-Appellant,
v.
Neil HARRIS, Clair Morris, Leonard Herrera, Ronald
Dickenson, Colleen Cunningham, Kenya Castillo, Mike
Otterstrom, Shirley Williams, Stacey Faulkner, Martin
Henneberry, and S.J. Smith, M.D., Defendants-Appellees.
 No. 94-15614.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 22, 1995.*
Decided Sept. 28, 1995.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * Mark Nelson, a Nevada state prisoner, appeals pro se the district court's order granting summary judgment in favor of defendants in his 42 U.S.C. Sec. 1983 action. Nelson argues that the district court erred by granting summary judgment: (1) in favor of the Elko County Sheriff and various employees of the Sheriff's Department ("County Defendants") on his claim of deliberate indifference to his serious medical needs; (2) in favor of S.J. Smith, M.D. ("Dr. Smith") on his claim of deliberate indifference to his serious medical needs; (3) in favor of the County Defendants on his claim that he was denied due process when placed in isolation without notice or a hearing; and (4) in favor of the County Defendants on his claim that his Eighth Amendment rights were violated when the County Defendants deprived him of a shower for four days. Nelson also argues that the district court abused its discretion by denying his motion to compel discovery and to impose discovery sanctions, and by denying his motion to amend his complaint.
 
 II
 
 3
 Nelson was a prisoner at the Nevada State Prison in Ely, Nevada in the fall of 1991. Nelson was transferred from the state prison to the Elko County Jail on September 6, 1991 to appear in a criminal matter. Nelson was transferred back to the state prison on September 18, 1991. The events giving rise to this action occurred during Nelson's incarceration at the Elko County Jail.
 
 
 4
 Nelson was placed in isolation on September 12, 1991. Nelson claims he began vomiting blood and requesting medical attention on September 14. Nelson alleges he vomited blood for two days but received no medical attention from either the County Defendants or Dr. Smith, the Elko County Jail physician. Nelson was given a shower on September 16, 1991; this was his first shower since he was placed in isolation. Nelson was transferred back to the state prison on September 18.
 
 
 5
 On April 23, 1992, Nelson filed a civil rights action against the County Defendants and Dr. Smith. Nelson alleged the County Defendants and Dr. Smith were deliberately indifferent to his serious medical needs by denying his requests for medical treatment. Nelson also alleged the County Defendants violated his due process rights when they placed him in isolation without notice or a hearing, and that they subjected him to unconstitutional conditions of confinement by denying him a shower for four days.
 
 
 6
 On April 5, 1993, Nelson moved to compel defendants to reply to certain discovery requests and for discovery sanctions. The district court denied both motions. On May 19, 1993, Nelson moved for leave of the court to amend his complaint. The district court also denied this motion.
 
 
 7
 The County Defendants filed a motion for summary judgment on May 25, 1993. Nelson responded to the County Defendants motion. Dr. Smith filed a separate summary judgment motion on June 10, 1993. Nelson was granted two extensions of time to file a response to Dr. Smith's summary judgment motion. Nelson was warned that no further extensions would be granted. After Nelson filed a third request for an extension, the district court granted Dr. Smith's summary judgment motion on September 9, 1993. The County Defendants were granted summary judgment on March 17, 1994.
 
 III
 
 8
 Deliberate Indifference Claim Against County Defendants
 
 
 9
 Nelson argues that the district court erred by granting summary judgment in favor of the County Defendants on his claim of deliberate indifference to his serious medical needs.
 
 
 10
 We review a district court's grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 11
 Deliberate indifference to a serious medical need of a prisoner violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference can be manifested by "prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. We have defined a serious medical need as "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain...." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992).
 
 
 12
 We conclude that there are genuine issues of material fact to be determined at trial. There is evidence that the County Defendants were deliberately indifferent to Nelson. Nelson testified in his deposition that he was vomiting blood while in isolation at the Elko County Jail, that he repeatedly requested medical attention, and that no medical services were provided. There is also evidence that Nelson suffered from a serious medical condition. Nelson's testimony in his deposition, that he vomited blood for two days, evidences a medical condition that significantly affected his daily activities. See McGuckin, 974 F.2d at 1059.
 
 
 13
 The district court concluded Nelson did not suffer from a serious medical condition because "he suffered no harm from the delay in his treatment." The district court relied on McGuckin in reaching this conclusion. McGuckin does not support the district court's conclusion. The County Defendants not only delayed Nelson's treatment, they denied him treatment altogether; Nelson received no treatment until he was returned to the state prison.
 
 
 14
 Deliberate Indifference Claim Against Dr. Smith
 
 
 15
 Nelson next contends that the district court erred by granting summary judgment in favor of Dr. Smith on his claim of deliberate indifference to his serious medical needs. Dr. Smith responds that summary judgment was proper because Nelson failed to file an opposition brief. Dr. Smith cites Local Rule 140-6 (now codified at 7-2) of the District of Nevada for the proposition that failure to file a brief in opposition to a motion "shall constitute a consent to the granting of the motion." To the extent Dr. Smith argues that summary judgment was appropriate solely due to Nelson's failure to file an opposition brief, Dr. Smith is mistaken. We recently held, in a case reviewing Nevada's Local Rule 140-6, that "a local rule cannot mandate automatic entry of [summary] judgment for the moving party without consideration of whether the motion and supporting papers satisfy the requirements of Rule 56." United States v. Real Property Located at Incline Village, 47 F.3d 1511, 1519 (9th Cir.1995).
 
 
 16
 Dr. Smith has failed to establish that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Nelson testified in his deposition that he orally requested medical attention while in isolation, and that he was told his requests were passed on to Dr. Smith. Nelson further testified that Dr. Smith did not provide treatment for his medical problems associated with his vomiting blood. This evidence establishes a genuine issue of material fact as to whether Dr. Smith was deliberately indifferent to Nelson's serious medical needs.
 
 Due Process Claim
 
 17
 Nelson contends that the district court erred by granting summary judgment in favor of the County Defendants on his claim that he was denied due process when place in isolation without notice or a hearing. We disagree.
 
 
 18
 A liberty interest to be free from administrative segregation can arise only from state law. Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993). Nelson has failed to point to any state law creating a liberty interest. To the extent that Nelson argues the punitive nature of his confinement created a liberty interest, we reject his argument. The Supreme Court recently held that disciplinary segregation, resulting in no lasting consequences, does not give rise to a liberty interest. Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995).
 
 Denial of Personal Hygiene Claim
 
 19
 Nelson contends that the district court erred in granting summary judgment in favor of the County Defendants on his claim that his Eighth Amendment rights were violated when he was deprived of a shower for four days.
 
 
 20
 We hold that the district court properly granted summary judgment in favor of the County Defendants on this claim. The Eighth Amendment requires the state to provide adequate food, clothing, shelter, sanitation, medical care, and personal safety. See Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). Nelson was provided with a sink in his isolation cell. The denial of a shower for four days, where a sink is provided in a prisoner's cell, does not rise to the level of an Eighth Amendment violation.
 
 Discovery Motions
 
 21
 Nelson argues that the district court erred by refusing to compel discovery and impose discovery sanctions. We review a district court's discovery rulings for an abuse of discretion. Smith v. Hughes Aircraft Co., 22 F.3d 1432, 1441 (9th Cir.1994). We hold that the district court did not abuse its discretion in denying Nelson's motion to compel discovery and impose sanctions. We are not convinced that the district court committed clear error by finding that the County Defendants had adequately responded to Nelson's discovery.
 
 Motion to Amend Complaint
 
 22
 Nelson argues that the district court abused its discretion by denying his motion to amend his complaint. We review the denial of leave to amend for an abuse of discretion. National Abortions Fed'n v. Operation Rescue, 8 F.3d 680, 681 (9th Cir.1993). The district court noted that Nelson's motion to amend was untimely and futile. Because we are not convinced that the district court committed clear error in reaching this conclusion, we affirm.
 
 
 23
 AFFIRMED in part, REVERSED in part, and REMANDED. The parties shall bear their own costs on this appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of the circuit except as provided by Ninth Circuit Rule 36-3