70 F.3d 1279
 76 A.F.T.R.2d 95-7744, 96-1 USTC P 50,021
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerome E. KOZLOWSKI; and Martha E. Kozlowski, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70337.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 13, 1995.
Decided Nov. 28, 1995.
 
 1
 Before: SCHROEDER and ALARCON, Circuit Judges, and PANNER,* Senior District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Jerome E. Kozlowski and Martha E. Kozlowski (the "Kozlowskis") appeal from the order of the Tax Court granting partial summary judgment and ruling in favor of the Commissioner of Internal Revenue (the "Commissioner") in the Kozlowskis' petition contesting the Commissioner's imposition of additional interest and the imposition of a negligence penalty. We affirm both rulings.
 
 I.
 
 4
 In April 1986, the Commissioner determined a deficiency in the Kozlowskis' 1980 Federal income taxes. The deficiency resulted from the Commissioner's disallowance of a $126,866 loss that the Kozlowskis claim they suffered in connection with a program offered by First Western Government Securities, Inc. ("First Western"). First Western was the subject of an earlier test case in which the Tax Court upheld the Commissioner's deficiency determinations against nine First Western investors after finding that the investors' transactions with First Western were shams. See Freytag v. Commissioner ("Freytag "), 89 T.C. 849 (1987), aff'd 904 F.2d 1011 (5th Cir.1990), aff'd on other issues 501 U.S. 868 (1991).[1] The Commissioner also determined that the Kozlowskis' deficiency was a substantial underpayment attributable to a tax motivated transaction and imposed the increased rate of interest set forth in 26 U.S.C. Sec. 6621(c) (repealed 1989). The Commissioner further determined that the Kozlowskis had been negligent in deducting their First Western losses and imposed a penalty pursuant to 26 U.S.C. Sec. 6653(a) (repealed 1989). The Kozlowskis filed a petition with the Tax Court to contest these determinations.
 
 
 5
 The Commissioner moved for summary judgment. The Tax Court ruled that the Kozlowskis' transactions were shams. The Tax Court further concluded that, because the transactions were shams, the additional interest under section 6621(c) automatically applied.
 
 
 6
 The Tax Court conducted an evidentiary hearing on whether the Kozlowskis were negligent in disallowing their First Western losses. The Tax Court held that the Kozlowskis failed to prove that they acted reasonably and upheld the Commissioner's negligence determination.
 
 
 7
 The Kozlowskis timely appealed from the Tax Court's decision to uphold the imposition of the negligence penalty and the imposition of additional interest pursuant to section 6621(c). The Kozlowskis did not appeal the Tax Court's decision to uphold the Commissioner's deficiency determination.
 
 II.
 A. The Negligence Penalty
 
 8
 The Kozlowskis argue that the Tax Court erred in concluding that they failed to prove that they were not negligent in deducting their First Western losses. We review a Tax Court's affirmance of a negligence penalty for clear error. Collins v. Commissioner, 857 F.2d 1383, 1386 (9th Cir.1988).
 
 
 9
 The Commissioner's decision to impose a negligence penalty pursuant to section 6653(a)(1)[2] is presumed correct. The Kozlowskis have the burden of establishing that their actions were not negligent. Zmuda v. Commissioner, 731 F.2d 1417, 1422, (9th Cir.1984). Whether a taxpayer is negligent is reviewed under the reasonable, prudent person standard. Collins, 857 F.2d at 1386. Good faith reliance on professional advice is a defense to negligence provided that the reliance is reasonable. See Id. (reliance of professional advice is not a defense where the professional was not advised of all relevant facts). Viewed in a light most favorable to the Commissioner, we conclude that the evidence supports the Tax Court's finding that the Kozlowskis failed to prove that they reasonably, and in good faith, relied on professional advice prior to deducting their First Western losses.
 
 1. Reliance on Professionals
 
 10
 At the evidentiary hearing, Mr. Kozlowski was the only witness to testify for the Kozlowskis. Mr. Kozlowski testified that he relied on the advice of professionals on three different occasions.
 
 
 11
 First, Mr. Kozlowski testified that he relied on a legal opinion letter. However, he admitted that the opinion letter was supplied by First Western. Further, Mr. Kozlowski did not recall whether the legal opinion stated that anyone other than First Western could rely on the opinion, or indeed recall anything about what the opinion letter stated. Moreover, the opinion letter was not introduced into evidence. Based on this evidence, the Tax Court was justified in concluding that an undisclosed opinion letter provided by First Western was insufficient to meet the Kozlowskis' burden of proving reasonable reliance. Cf. Collins v. Commissioner, 857 F.2d at 1386 (taxpayers could not rely on a tax letter provided in a prospectus where "[t]he tax letter warned prospective investors that it was written for AMP's president only and that others should seek independent legal advice").
 
 
 12
 Second, Mr. Kozlowski testified that he examined "some documentation from an accounting firm" before investing in First Western. However, Mr. Kozlowski could not recall who provided the documentation, the nature of the information contained in the documentation or whether the documentation was a sales brochure or an opinion. Thus, the Tax Court did not err in concluding that Mr. Kozlowski presented no evidence which demonstrated that he reasonably relied on the "documentation from an accounting firm."
 
 
 13
 Finally Mr. Kozlowski testified that he consulted with a co-worker, Mr. Disser, and a CPA, Mr. Rosso, before entering the transactions. However, Mr. Kozlowski did not demonstrate that Mr. Disser had any expertise in dealing with transactions of the kind involved in First Western. To the contrary, the record shows that Mr. Disser was simply an engineer with whom he had invested in prior real estate transactions. Likewise, Mr. Kozlowski testified that he did not know if Mr. Rosso had any expertise with the transactions at issue in First Western. Further, Mr. Kozlowski admitted that he consulted Mr. Rosso for advice on the tax aspects of the transaction, and not for advice on whether the transactions were bona fide. Finally, the Kozlowskis did not offer any evidence as to whether either Mr. Disser or Mr. Rosso understood the underlying facts of the transaction. Accordingly, the Tax Court properly determined that the Kozlowskis did not prove that they reasonably relied on the advice of Mr. Disser and Mr. Rosso. See Collins v. Commissioner, supra, 857 F.2d at 1386.
 
 2. Good Faith
 
 14
 The Tax Court alternatively found that the Kozlowskis' alleged business/profit motive for entering into the First Western transactions was "simply cut from whole cloth." This finding is supported by the evidence. Mr. Kozlowski testified that he did not completely understand how the First Western transactions worked or how the transactions would further his stated business purpose. While Mr. Kozlowski testified that he entered into the transactions to protect against falling interest rates, the interest rate forecast he submitted to First Western did not indicate whether the interest rates were going to go up or down. Mr. Kozlowski's First Western losses of $126,866 almost exactly offset the Kozlowskis' otherwise taxable 1980 income. Finally, having previously invested in real estate deals and short term notes, Mr. Kozlowski was not a wholly unsophisticated investor. The evidence supports the Tax Court's finding that the Kozlowskis did not meet their burden of proving that they acted in a good faith manner.
 
 
 15
 B. Additional Interest under Section 6621(c)
 
 
 16
 The Kozlowskis argue that the Tax Court erred in granting summary judgment in favor of the Commission on the issue of whether they owed additional interest because it is unfair to apply section 6621(c) retroactively and because a triable issue remained as to the Kozlowskis' subjective intent in entering the transactions. We review de novo a lower court's grant of summary judgment. Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993).
 
 1. Retroactivity
 
 17
 Section 6621(c) was enacted in 1984. Prior to its repeal in 1989, this section provided that a taxpayer owed an additional 120% interest for any substantial underpayment of tax attributable to a tax motivated transaction including "any sham or fraudulent transaction."[3] Section 6621(c) applied to "interest accruing in the years 1985 and after." Skeen v. Commissioner, 864 F.2d 93, 96 (9th Cir.1989) citing Pub.L. No. 98-369 Sec. 144(a), 98 Stat. 494, 684 (1984). Thus, section 6621(c) could apply to pre-1984 tax returns because the event triggering the application of section 6621(c) was the existence of an underpayment, not the existence of the underlying transaction. Estate of Carberry v. Commissioner, 933 F.2d 1124, 1129 (2nd Cir.1991) (citation deleted). Cf. Erhard v. Commissioner, 46 F.3d 1470, 1475-79 (9th Cir.) cert. denied, --- U.S. ----, 64 U.S.L.W. 3286 (U.S. Oct. 16, 1995) (upholding additional interest pursuant to section 6621(c) where the sham transactions occurred prior to 1984). In 1986, Congress amended section 6621(c) to clarify that a tax motivated transaction included a "sham". H.R.Conf.Rep. No. 99-841, 99th Cong.2d Sess. II-796 (9186) (1986-3 Cum.Bull. (Vol. 4) 1, 796) The 1986 amendment applied to interest accruing after December 31, 1984. Pub.L. No. 99-514 Sec. 1535(b), 100 Stat. 2085, 2750 (1986).
 
 
 18
 The Kozlowskis concede that it is not unconstitutional for section 6621(c) to be applied to their transactions.[4] Instead, the Kozlowskis argue that it would be "unfair" to apply these statutes to them retroactively. We disagree. When Congress enacts a statute, it has the power to decide when the statute will become effective. Rivers v. Roadway Exp., Inc., --- U.S. ----, 114 S.Ct. 1510, 1519 f. 12 (1994). We cannot alter that result. Rivers, --- U.S. ----, 114 S.Ct. at 1519 ("in statutory cases, the Court has no authority to depart from the congressional command setting the effective date of a law"). Here, the Kozlowskis' deficiency was unpaid as of April 29, 1986. Thus, provided that their transactions were shams, the Kozlowskis are required to pay the additional interest provided in section 6621(c).
 
 2. Sham Determination
 
 19
 The Kozlowskis argue that the Tax Court failed to consider their subjective intent before upholding the Commissioner's imposition of additional interest pursuant to section 6621(c). We conclude that the Kozlowskis have waived this argument.
 
 
 20
 If a taxpayer fails to appeal from a Tax Court's determination that a deficiency is owed because the taxpayer engaged in a sham transaction, the taxpayer loses the right to seek review of that finding for purposes of opposing the imposition of additional interest under section 6621(c). Howard v. Commissioner, 931 F.2d 578, 581-82 (9th Cir.1991). In the present case, the Tax Court upheld the Commissioner's deficiency determination. Because the Kozlowskis have not challenged the correctness of this ruling, we decline to consider whether the sham determination was clearly erroneous. Howard, 931 F.2d at 582.
 
 
 21
 AFFIRMED.
 
 
 
 *
 Honorable Owen M. Panner, Senior United States District Judge, for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Kozlowskis did not participate in the Freytag litigation
 
 
 [2]
 Section 6653(a)(1) provides:
 (a) Negligence.--
 (1) In general.--If any part of any underpayment ... of tax required to be shown on a return is due to negligence (or disregard of rules or regulations), there shall be added to the tax an amount equal to 5 percent of the underpayment.
 
 
 [3]
 In relevant part, section 6621(c) provides:
 (c) Interest on substantial underpayments attributable to tax motivated transactions.--
 (1) In general. In the case of interest payable under section 6601 with respect to any substantial underpayment attributable to tax motivated transactions, the rate of interest established under this section shall be 120 percent of the underpayment rate establish under this section.
 * * *
 (3) Tax motivated transactions--
 (A) In general--For purposes of this subsection, the term "tax motivated transaction" means--
 * * *
 (v) any same or fraudulent transaction.
 26 U.S.C. 6621(c) (repealed 1989).
 
 
 [4]
 The Kozlowskis have thus waived their right to appeal this issue. See United Transp. Union v. Skinner, 975 F.2d 1421, 1424-25 (9th Cir.1992) (appellate court not to consider an issue explicitly abandoned by the aggrieved party)