127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sandra J. LEE, Bruce Lee, Plaintiffs-Appellants,
v.
James Houston CARROLL, Sr., John Morotta, Defendants-Appellees.
 No. 96-16651.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the District of Nevada Howard D. McKibben, District Judge, Presiding
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sandra and Bruce Lee appeal the district court's summary judgment in favor of Deputy Sheriff John Morotta in the Lees' 42 U.S.C. § 1983 action in which they alleged that their constitutional rights were violated by Morotta's entry into their home to arrest Sandra Lee without a warrant. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review de novo a district court's grant of summary judgment, see Smith v. Noonan, 992 F.2d 987, 939 (9th Cir.1993), and we affirm.
 
 
 3
 The Lees contend that Bruce Lee did not consent to Morotta's entry into their home to arrest his wife, Sandra Lee. We disagree.
 
 
 4
 The Fourth Amendment prohibits police from making a warrantless entry into a suspect's home to make an arrest absent exigent: circumstances or consent. See Steagald v. United States, 451 U.S. 204, 214 n. 7 (1981). Under certain narrow circumstances, "courts will infer consent from the cooperative attitude of a defendant." United States v. Impink, 728 F.2d 1228, 1232 (9th Cir.1984).
 
 
 5
 It. is undisputed that after Morotta asked Bruce Lee if his wife was home, Bruce Lee indicated that she was on the phone, pushed open the screen door, stepped back, and gestured towards his wife. Considering these undisputed facts, the district court properly held that as a matter of law, Bruce Lee had given implied consent for Morotta to enter the Lees' home. See United States v. Garcia, 997 F.2d 1273, 1281 (9th Cir.1993) (concluding that officers' request to talk, combined with Garcia's affirmative response and step back clearing way for officers' entry sufficient to infer consent).
 
 
 6
 The Lees contend that Morotta did not have probable cause to arrest Sandra Lee without a warrant. We disagree.
 
 
 7
 A warrantless arrest is valid if it is supported by probable cause. See United States v. Del Vizo, 918 F.2d 821, 825 (9th Cir.1990). Probable cause exists when the facts and circumstances known to the officer would make a reasonably prudent person believe the suspect has committed a crime. See United States v. Greene, 783 F.2d 1364, 1367 (9th Cir.1986).
 
 
 8
 It is undisputed that Morotta knew the following facts: James Carroll made an emergency call to report a drive-by shooting by Sandra Lee, his former wife, in a blue Mustang; Carroll was visibly shaken when Morotta interviewed him at the scene; and a blue Mustang with the matching partial license plate was parked at the Lees' home. The district court properly held that given these undisputed facts, as a matter of law, Morotta had probable cause to arrest Sandra Lee without a warrant. See Greene, 783 F.2d at 1367.[2]
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject appellee's argument that this court lacks jurisdiction because the district court's order was not final. The district court dismissed the federal claims, which necessarily disposed of the federal claims against Carroll, and declined to exercise jurisdiction over the remaining state claims. Accordingly, the order is final
 
 
 [2]
 Because the district court properly held that Bruce Lee gave implied consent to enter their home and that Morotta had probable cause to arrest Sandra Lee without a warrant, we need not address whether Morotta is entitled to qualified immunity