139 F.3d 904
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Paul CLARK, Plaintiff-Appellant,
v.
Tana WOOD, Superintendent, Washington State Penitentiary;
Phil Stanley, Superintendent, Washington
Correction Center; Department of
Corrections, Defendants-Appellees.
 No. 96-36196.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**
Feb. 13, 1998.
 
 Appeal from the United States District Court for the Western District of Washington Robert J. Bryan, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald Paul Clark, a Washington state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). We affirm in part, vacate in part, and remand.
 
 
 3
 Before dismissing an action for failure to state a claim, the court must inform a pro se litigant of the claim's defects and provide an opportunity to amend the claim prior to dismissal, unless it is clear that the claim cannot be cured by amendment. See Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir.1995) (per curiam); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.1987).
 
 
 4
 We affirm the district court's dismissal of Clark's claim that prison officials violated his constitutional rights when they did not place him in the general population. See Hewitt v. Helms, 459 U.S. 460, 467-68, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993).
 
 
 5
 The district court dismissed Clark's retaliatory transfer claim because Clark failed to allege that the transfer did not advance any legitimate penological goal. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).[1] The district court also dismissed Clark's access to the courts claim because Clark failed to allege that he had suffered an actual injury to a non-frivolous claim relating to his conviction or the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2179-82, 135 L.Ed.2d 606 (1996). Finally, the district court dismissed Clark's claim that prison officials interfered with his mail because Clark failed to identify the persons responsible or certain dates relevant to the claim. Because these deficiencies could be cured by amendment, the district court erred by dismissing these claims without providing Clark with notice of the deficiencies and an opportunity to amend. See Noll, 809 F.2d at 1448-49.[2]
 
 
 6
 Accordingly, we vacate the district court's dismissal of Clark's action and remand for further proceedings.
 
 
 7
 Given the nature of our disposition, we need not address Clark's contention that the district court erred by denying his motion for reconsideration.
 
 
 8
 We deny Clark's motion to attach exhibits on appeal filed on October 15, 1997. Each party shall bear their own costs on appeal.
 
 
 9
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe Clark's "discrimination claim" as a retaliation claim and vacate the district court's dismissal of this claim for the reasons set forth in the body of our disposition
 
 
 [2]
 Insofar as the district court relied on defendants' contention that Clark's claims should be dismissed for failure to allege that defendants personally participated in the alleged constitutional violations, this deficiency could also be cured by amendment