Samuel Scott JOHNSON,
Plaintiff–Appellant,

v.

Bill SLAUGHTER, Director, Department of Corrections; Diana Leibinger–Koch, Chief Legal Council for Department of Corrections; Kathy Matson, Crime Victim Compensation Supervisor, Department of Justice Board of Crime Control, Defendants–Appellees.

No. 06–35306.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2008.

Filed June 18, 2008.

Samuel Scott Johnson, Crossroads Correctional Center, Shelby, MT, for Plaintiff–Appellant.

Colleen Ambrose, B. Joan Hunter, Esq., Anthony Johnstone, Esq., Helena, MT, for Defendants–Appellees.

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and GONZALEZ *, District Judge.

MEMORANDUM **

Samuel Johnson appeals the district court's grant of summary judgment dismissing his claim that the defendants violated his due process rights by deducting 15% of his prison wages for the Crime Victims Compensation and Assistance Program without crediting those payments to his court-ordered restitution obligations. The facts are known to the parties and need not be repeated here.

Johnson is unable to establish that he had a constitutionally protected property interest in his prison wages while he was employed in a non-federally certified program. A state may create a constitutionally protected liberty or property interest "if it places substantive limitations on the exercise of official discretion." *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir.1993). Montana Code section 53–30–132 does not provide substantive limitations on the Department of Corrections' exercise of discretion when it comes to wages paid to inmates who are not employed in a federally certified program. We also find that there is no support for a traditional "old property" right in the amount of wages earned while at prison. *See Schneider v. California Dep't of Corrs.*, 151 F.3d 1194, 1200–01 (9th Cir.1998).

**AFFIRMED.**

---

* The Honorable Irma E. Gonzalez, Chief Judge of the United States District Court for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.