**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID RIGGINS, AKA Dawud Halisi Malik,<br><br>              Plaintiff - Appellant,<br><br>   v.<br><br>DAN PACHOLKE; et al.,<br><br>              Defendants - Appellees. | No. 11-35609<br><br>D.C. No. 3:10-cv-05147-BHS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Washington state prisoner David Riggins, a.k.a. Dawud Halisi Malik,

appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983

action alleging due process violations. We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993), and we affirm.

The district court properly granted summary judgment because Riggins failed to raise a genuine dispute of material fact as to whether his placement in administrative segregation, reclassification to maximum security, and placement in the Intensive Management Unit implicated a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (liberty interest arising from state law or policies "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (inmate's transfer to a maximum-security facility with much less favorable conditions was "within the normal limits or range of custody which the conviction has authorized the State to impose"); *Smith*, 992 F.2d at 989 (the Constitution does not create a liberty interest in freedom from administrative segregation, nor does Washington state law); *In re Dowell*, 674 P.2d 666, 668-69 (Wash. 1984) (Washington state law does not create a liberty interest in freedom from reclassification).

Riggins's contentions that a state court judgment precludes defendants from relitigating due process issues and that the district court failed to rule on a pending discovery motion are unpersuasive.

**AFFIRMED.**