**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDIFECS, INC., a Washington corporation,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>WELLTOK, INC., a Delaware corporation,<br><br>        Defendant-Appellee. | No.   20-35102<br><br>D.C. No. 2:18-cv-01086-JLR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted March 5, 2021[**]
Seattle, Washington

Before: RAWLINSON and BYBEE, Circuit Judges, and ENGLAND,[***] Senior
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Morrison C. England, Jr., Senior United States District
Judge for the Eastern District of California, sitting by designation.

Edifecs, Inc. (Edifecs) appeals the district court's grant of summary judgment in favor of Welltok, Inc., (Welltok) and its sanctions order, in a diversity action alleging tortious interference with contractual relations. Edifecs alleged that Welltok wrongfully induced and assisted former Edifecs Senior Vice President David Profant to recruit five Edifecs sales executives to join Welltok, in violation of Profant's contractual obligations. Reviewing *de novo*, we affirm. *See Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011).

Under Washington, State law:

> To prove tortious interference, the plaintiff must produce evidence sufficient to support all the following findings: (1) the existence of a valid contractual relationship or business expectancy; (2) the defendant's knowledge of and intentional interference with that relationship or expectancy; (3) a breach or termination of that relationship or expectancy induced or caused by the interference; (4) an improper purpose or the use of improper means by the defendant that caused the interference; and (5) resultant damage.

*Tamosaitis v. Bechtel Nat'l, Inc.*, 327 P.3d 1309, 1313 (Wash. Ct. App. 2014) (citation omitted).

The only issue on appeal involves the damages element. The existence of pecuniary loss is a "threshold element for recovery under the tort of interference with a business relationship just as it is for the tort of interference with a contract."

2

*Tamosaitis,* 327 P.3d at 1314. And "a party must prove a claim of damages with reasonable certainty." *Greensun Grp., LLC v. City of Bellevue*, 436 P.3d 397, 409 (Wash. Ct. App. 2019) (citation omitted). "Evidence of damage is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture. . . ." *Clayton v. Wilson*, 227 P.3d 278, 285 (Wash. 2010) (en banc) (citation omitted).

Edifecs first asserts that it produced evidence of damages based on the notion that there is pecuniary value in employee relationships. It is true that "[a] valid business expectancy includes any prospective contractual or business relationship that would be of pecuniary value." *Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Grp., Inc.*, 52 P.3d 30, 33 (Wash. Ct. App. 2002), *as amended* (footnote reference omitted). However, Edifecs failed to produce any evidence that the relationships cultivated by Profant or by the departed employees were harmed by their departure. Rather, Edifecs contends that the pecuniary value was in the employees themselves. However, Edifecs cites no case authority to support this proposition.

Next, Edifecs points to its CEO's deposition testimony that "once the Dave Profant crisis happened, we lowered our expectations because we were in a crisis mode to rebuild everything." Edifecs contends that this testimony alone is

3

sufficient to create a triable issue on the fact of damages. Not so. "Where inferences from the facts are remote or unreasonable, as here, factual causation is not established as a matter of law." *Walters v. Hampton*, 543 P.2d 648, 652 (Wash. Ct. App. 1975). Without evidence showing a causal link between the employees' departures and lost revenues or profits, Edifecs' theory of pecuniary loss amounts to nothing more than speculation and wishful thinking. *See Sea-Pac Co. v. United Food & Com. Workers Loc. Union 44*, 699 P.2d 217, 220 (Wash. 1985) (en banc) ("The plaintiff must show that the future opportunities and profits are a reasonable expectation and not based on merely wishful thinking.") (citation omitted).

In sum, Edifecs failed to produce evidence of damages sufficient for a trier of fact to estimate loss without speculation or conjecture. *See Clayton*, 227 P.3d at 285. Therefore, Edifecs failed to carry its burden of showing a genuine dispute of material fact that it suffered pecuniary loss caused by Welltok's alleged tortious interference. *See Wenzler & Ward Plumbing & Heating Co. v. Sellen*, 330 P.2d 1068, 1070 (Wash. 1958) (articulating that uncertainty as to the amount or

quantum of damages is not fatal to a plaintiff's claim, but uncertainty as to the fact of damage is fatal).[1]

**AFFIRMED.**

---

[1] Having determined that Edifecs failed to carry its burden of showing a genuine dispute of material fact that it suffered pecuniary loss caused by Welltok's alleged tortious interference, we need not address any remaining issues. *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993).