**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AHUD CHAZIZA, | No. 19-17506 |
| Plaintiff-Appellant, | D.C. No.<br>3:17-cv-00247-MMD-WGC |
| v. | |
| STAMMERJOHN, Caseworker; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted May 3, 2021
Pasadena, California

Before: OWENS and LEE, Circuit Judges, and SIMON,** District Judge.

Ahud Chaziza appeals the district court's grant of summary judgment

dismissing his claim under 42 U.S.C. § 1983. Chaziza alleges that defendants

violated his rights under the Fourteenth Amendment's Due Process Clause when

they improperly calculated his parole eligibility date in Nevada. The district court

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

held that Chaziza possessed no constitutionally protected liberty interest in parole eligibility. We review de novo a district court's grant of summary judgment. *Moser v. Las Vegas Metro Police Dep't*, 984 F.3d 900, 904 (9th Cir. 2021). We affirm.

A Nevada prisoner "may be paroled when the prisoner has served the minimum term or minimum aggregate term of imprisonment imposed by the court." Nev. Rev. Stat. § 213.120(2). "When a prisoner becomes eligible for parole . . . the Board shall consider and may authorize the release of the prisoner on parole as provided in this chapter." Nev. Rev. Stat. § 213.140(1). "No person," however, "has a right to parole," nor does parole "create any such right or interest in liberty or property." Nev. Rev. Stat. § 213.10705.

Nevada awards prisoners 20 days of good-time credit for each month a prisoner commits "no serious infractions" and "performs in a faithful, orderly and peaceable manner the duties assigned to the offender." Nev. Rev. Stat. § 209.4465(1). Good-time credits are "deducted from the maximum term or the maximum aggregate term imposed by the sentence," *id.* § 209.4465(7)(a), and "[a]pply to eligibility for parole unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." *Id.* § 209.4465(7)(b).

In 2015, the Nevada Supreme Court explained in an unpublished opinion that, when calculating the parole eligibility date of a prisoner sentenced to a

2

"minimum-maximum" sentence, the Nevada Department of Corrections (NDOC) must deduct the prisoner's good-time credits from his minimum sentence. *Vonseydewitz v. LeGrand*, 131 Nev. 1360, at \*2 (2015). In 2017, the Nevada Supreme Court reiterated this holding in a published decision. *Williams v. State Dep't of Corr.*, 133 Nev. 594, 595 (2017).

In 2009, Chaziza pleaded guilty to first degree kidnapping and robbery. A state trial court sentenced Chaziza to a "minimum-maximum" term of imprisonment for 60 to 80 months for each offense, to be served consecutively. Chaziza completed his first sentence in April 2014 and immediately began serving his second sentence. In April 2016, Chaziza asked defendants, based on *Vonseydewitz*, to deduct Chaziza's good-time credits from his minimum sentence for count two when calculating his parole eligibility date. Defendants denied Chaziza's request, noting that *Vonseydewitz* was an unpublished decision. Chaziza made the same request in a state habeas petition, which a state trial court denied.

After the Nevada Supreme Court's published decision in *Williams*, the state trial court reconsidered Chaziza's petition and ruled that the NDOC must deduct Chaziza's good-time credits from his minimum sentence to determine his parole eligibility date. In March 2018, the NDOC adjusted Chaziza's sentence, resulting in a parole eligibility date in February 2016, rather than April 2019. The parole board held a hearing for Chaziza in May 2018 but denied Chaziza parole.

3

Chaziza argues that the district court erred in finding that he failed to establish a Fourteenth Amendment violation. The Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A state violates the Fourteenth Amendment when it deprives a person "of a constitutionally protected liberty or property interest" without affording "adequate procedural protections." *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002) (quoting *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998)).

"[A] liberty interest may arise from the Due Process Clause or be created by state law . . . ." *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). Whether due process protections exist for a plaintiff's claimed interest depends on the "nature of the interest at stake," specifically, whether a person has "a legitimate claim of entitlement to the interest," rather than "an abstract need or desire for" or "unilateral expectation" of the interest. *Bd. of Regents v. Roth*, 408 U.S. 564, 570-71, 577 (1972); *accord. Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974).

"The Constitution does not, itself, guarantee a liberty interest in parole." *Miller v. Or. Bd. of Parole & Post-Prison Supervision*, 642 F.3d 711, 714 (9th Cir. 2011); *see also Swarthout v. Cooke*, 562 U.S 216, 220 (2011). State law, however, may establish a liberty interest in parole when the state statutes or regulations create an "expectation of parole." *See, e.g.*, *Bd. of Pardons v. Allen*,

482 U.S. 369, 373 (1987); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12, (1979); *Miller*, 642 F.3d at 714.

Because Nevada has explicitly disclaimed a liberty interest in parole, *see Moor v. Palmer*, 603 F.3d 658, 660-62 (9th Cir. 2010) ("Nevada law does not create a liberty interest in parole . . . ."); *see also* Nev. Rev. Stat. § 213.10705, Chaziza argues that he possesses a liberty interest in parole *eligibility*. Supreme Court precedent, however, precludes Chaziza's argument. "Process is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). If the substantive interest a person seeks to vindicate (here, parole) is left to the state's unfettered discretion, state statutes creating formal procedures (here, parole eligibility) surrounding that unfettered discretion do not create a liberty interest. *Id.*; *see also Dist. Att'y's Office v. Osborne*, 557 U.S. 52, 67-68 (holding that a prisoner lacked a liberty interest in "procedures available to vindicate an interest in state clemency" because clemency is discretionary).

A "state-created right can, in some circumstances, beget yet other rights to procedures essential to the realization of the parent right." *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 463 (1981). Even then, however, "the underlying right must have come into existence before it can trigger due process protection." *Id.*

Here, Chaziza possesses no constitutionally protected liberty interest in parole eligibility in Nevada.[1]

**AFFIRMED.**

---

[1] We also grant Chaziza's Motion for Judicial Notice (Dkt. 31).