78 F.3d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry B. BALISOK, Plaintiff-Appellant,
v.
Donald DODDS; Ronald Van Boening, Associate Superintendent;
Walter Ponti, Custody Unit Supervisor; Gary
Weber, Psychologist 4; Walter Wallace
Williams, Defendants-Appellees.
 No. 94-35973.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1996.
Decided Feb. 22, 1996.
 
 Before: ALDISERT,* SCHROEDER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Jerry Balisok appeals the district court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of his First, Eighth, and Fourteenth Amendment rights and seeking money damages and injunctive and declaratory relief. We affirm.
 
 I.
 
 3
 Appellant, an inmate at the Washington State Penitentiary in Walla Walla, Washington, claims that his free exercise rights were violated when he was prohibited from wearing his yarmulke in administrative segregation until after he filed a grievance and that grievance was sustained by the prison superintendent; that his due process rights were violated when Appellees failed to return his yarmulke until one week after authorized to do so; and that his right against cruel and unusual punishment was violated because Appellees showed deliberate indifference to his medical needs by placing him in segregation.
 
 
 4
 The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. §§ 636(c)(3) and 1291. The appeal was timely filed under Rule 4(a), Federal Rules of Appellate Procedure. We review de novo the district court's order granting summary judgment. Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993).
 
 II.
 
 5
 It is not disputed that Balisok was prohibited from wearing his yarmulke when first placed in administration segregation, that he filed a grievance, and that in response the superintendent ruled that the grievance was well taken and that wearing the yarmulke was permitted in administrative segregation. Thus as to the availability of injunctive or declaratory relief under the statutory claim, the Religious Freedom Restoration Act of 1993 (RFRA), 42 U.S.C. § 20000bb, we hold that there is no case or controversy before us. The prison authorities, by means of the ruling and pronouncement of the superintendent, are not denying him any right to wear his yarmulke. The record does not disclose a deprivation of the yarmulke since the RFRA went into effect. Accordingly, there is no dispute to warrant injunctive or declaratory relief, and the district court did not err in granting summary judgment in favor of Appellees.
 
 III.
 
 6
 Under the Eighth Amendment, inmates have a right to medical care, and that right is violated when prison officials demonstrate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). However, acts violating the Eighth Amendment in this context must be capable of being characterized as "repugnant to the conscience of mankind." Id. Thus, for example, "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988) (citing Estelle, 429 U.S. at 106). In addition, differing opinions do not amount to deliberate indifference to a prisoner's serious medical needs. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 7
 Appellant's many medical complaints notwithstanding, he failed to present sufficient evidence that his present condition is serious enough to meet the Estelle test. Although Appellees placed Appellant in segregation notwithstanding his protests and alleged condition, they offered him psychological treatment for that condition as well as providing him with access to three different mental health professionals, none of whom found any indication of sensory deprivation induced psychosis, nor any mental condition serious enough to remove Appellant from segregation. Accordingly, it was proper for the district court to grant Appellees' motion for summary judgment and to dismiss Appellant's Eighth Amendment claim.
 
 
 8
 We have considered all arguments advanced by the parties and conclude that no further discussion is necessary.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3